UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

—————————————————————————

Appeal No. 10-16112

—————————————————————————

JAMES ARTHUR MATTSON,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant-Appellee.

—————————————————————————

**APPELLANT'S OPENING BRIEF**

—————————————————————————

On Appeal from the United States District Court
for the Northern District of California,
Hon. Vaughn R. Walker
Case No. C-08-04431-VRW

DANIEL J. STOTTER                BEN ROSENFELD
(Oregon State Bar #911090)       (Cal. State Bar #203845)
Stotter & Associates LLC         Attorney at Law
408 SW Monroe Ave, Ste L 163     115 ½ Bartlett Street
Corvallis, OR 97333              San Francisco, CA 94110
Tel. (541) 738-2601              Tel: (415) 285-8091
Fax (541) 738 0611               Fax: (415) 285-8092

Attorneys for Plaintiff-Appellant James Arthur Mattson

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... ii

STATEMENT OF JURISDICTION ............................................................. 1

ISSUES PRESENTED FOR REVIEW ......................................................... 1

STATEMENT OF THE CASE ...................................................................... 2

STATEMENT OF FACTS ............................................................................ 4

SUMMARY OF ARGUMENT .................................................................... 7

ARGUMENT ................................................................................................ 9

I.     THE DISTRICT COURT ERRED IN FINDING THAT
PLAINTIFF WAS NOT ELIGIBLE FOR ATTORNEY FEES
PURSUANT TO 5 U.S.C. § 552(a)(4)(E), THE FOIA
STATUTORY FEE RECOVERY PROVISION ................................. 9

     A.     The District Court Applied An Incorrect Legal Standard
To The Question Of Fee Eligibility ......................................... 10

     B.     The District Court's Fee Eligibility Determination Is
Unsupported By The Factual Record....................................... 14

II.    THE GOVERNMENT WAIVED ANY OPPOSITION TO
PLAINTIFF'S ENTITLEMENT OR THE AMOUNT OF HIS
REQUESTED FEES AND COSTS BY FAILING TO
RESPOND TO PLAINTIFF'S ARGUMENTS BELOW.................. 16

CONCLUSION............................................................................................ 22

STATEMENT OF RELATED CASES ....................................................... 23

CERTIFICATE OF COMPLIANCE........................................................... 23

CERTIFICATE OF SERVICE .................................................................... 24

i

## TABLE OF AUTHORITIES

**Cases**

*Childress v. Darby Lumber, Inc.*, 357  F.3d 1000 (9th Cir. 2004) ...................................................................................... 9

*Church of Scientology of Cal. v. US Postal Service*, 700 F.2d 486 (9th Cir. 1993) ................................................................ 12

*Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ........................................................................... 21

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) ........................................................................... 21

*Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003) ....................................................................... 18

*Gall v. United States*, 552 U.S. 38 (2007) ................................................ 9, 13

*Guy v. San Diego*, 608 F.3d 582 (9th Cir. 2010) ...................................... 9, 15

*Hart v. U.S. Dep't  of Health & Human Servs.*, 676 F.Supp.2d 846 (D.Ariz. 2009) .................................................................. 11

*Homkow v. Musika Records, Inc.*, 2009 WL 1704668 (S.D.N.Y. 2009) ..................................................................................... 19

*Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617 (9th Cir. 1987) ........................................................................... 20

*Nat'l Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152 (9th Cir. 2008) ..................................................................................... 16

*Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988) ..................................................................... 18, 19

*Oregon Natural Desert Assoc. v. Locke*, 572 F.3d, 610 (9th Cir. 2009) .................................................................................. 9, 11

*Oregon Natural Desert Assoc. v.. Locke*, 572 F.3d 610 (9th Cir. 2009) ................................................... 10

*Prison Legal News v. Executive Office For United States Attorneys*, 2010 U.S. Dist. LEXIS 91154 (D.Colo. 2010) ...................... 11

*S. Indus., Inc. v. Centra 2000, Inc.,* 249 F.3d 625 (7th Cir. 2001) ................................................... 18

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015 (9th Cir. 2009) ................ 12, 15

*United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (*en banc*) ................................................... 15

*United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483 (2001) ................................................... 9, 13

*United States v. Taylor*, 487 U.S. 326 (1988) ................................................... 9

*Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924 (7th Cir. 2007) ................................................... 19

*Worthy v. General Longshoremen's Workers Intern. Lonshoremans Ass'n, Local No. 3000*, 75 Fed.Appx. 260 (5th Cir. 2003) ................................................... 19

## Statutes

28 U.S.C. § 1291 ................................................... 1

28 U.S.C. § 1331 ................................................... 1

5 U.S.C. § 552(a)(4)(B) ................................................... 1, 6

5 U.S.C. § 552(a)(4)(E) ................................................... passim

## Rules

Fed.R.Civ.Proc. 54(d) ................................................... 17

N.D.C.A. Local Rule 54-5 ................................................... 17

## STATEMENT OF JURISDICTION

### A.    Basis for the district court's jurisdiction

The district court had jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question). (ER.236).

### B.    Basis for this Court's jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1291 (appeal from the district court's final order on April 12, 2010 denying plaintiff's Motion for Attorney Fees and Costs (ER.2-12)).

### C.    Filing date of the notice of appeal

Plaintiff filed a timely notice of appeal on May 10, 2010.  (ER.1).

## ISSUES PRESENTED FOR REVIEW

The issues prevented for review are:

1.  Whether the district court erred in finding that plaintiff was not eligible for attorney fees by failing to apply the statutory criteria of the 2007 OPEN Government Act amendments to FOIA, which expressly provide that a party has "substantially prevailed" for purposes of fee recovery if there was a "voluntary or unilateral change in position by the agency" (5 U.S.C. § 552(a)(4)(E)(ii)), and instead required plaintiff to prove that his lawsuit "caused" the release of additional responsive records, based upon

superseded, pre-amendment case, and by relying upon speculative factual findings unsupported and by the record.

2.  Whether the government has waived the right to contest plaintiff's entitlement to fees, as well as the reasonableness of the hours, rates, lodestar amounts, and costs he submitted, because the government failed to address any of these issues in its opposition to plaintiff's fee motion.

## STATEMENT OF THE CASE

This is an appeal from the district court's order denying Plaintiff-Appellant James Mattson's motion for attorney fees and costs in a civil action arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*  Mr. Mattson sought records from the United States Federal Bureau of Investigation ("FBI") pertaining to its investigation of him in the 1970s and 1980s, when he was a volunteer for the Black Panther Party. (ER.90-91, 236-250).

On September 15, 2008, after obtaining what records he could from the FBI through his FOIA requests, and after fully exhausting his administrative remedies through appeals to the Department of Justice, Mattson filed the instant FOIA lawsuit, seeking additional responsive records and additional portions of redacted records).  (ER.236-250).

Several months after filing this court action, by letter dated November 24, 2008, the FBI mailed Mattson's undersigned counsel 14 pages of additional records responsive to his 2007 FOIA request to the Minneapolis Field Office. (ER.115, ¶34; ER.169-186). Shortly thereafter, by letter dated December 4, 2008, the FBI also sent Mattson's undersigned counsel 37 pages of additional records responsive to his 2001 FOIA request to FBIHQ. (ER.115-116, ¶35; ER.187-227).

In February and March 2009, the parties filed cross-motions for summary judgment. (District Court Doc. Nos. 12 and 14).

On May 11, 2009, the district court substantially granted the FBI's motion for summary judgment, but partially granted Mattson's motion for summary judgment by ordering the FBI to produce two pages which the FBI had withheld on the grounds that they were "illegible," finding that this did not state a legitimate exemption under FOIA. (District Court Doc. No. 19).

On September 15, 2009, the district court entered Judgment for defendant. (District Court Doc. No. 22).

On October 29, 2009, Mattson moved for attorney fees and costs of litigation on the grounds that the FBI had made a "voluntary or unilateral change in position" by providing additional responsive records after the filing of this action. (ER.42-63). The government filed an Opposition on

January 27, 2010 (ER.34-41), and Mattson filed a Reply on March 25, 2010.
(ER.13-24). A hearing on the fee motion was held on April 8, 2010.
(District Court Doc. No. 35). Thereafter, on April 12, 2010, the district
court issued an order denying Mattson's motion for attorney fees and costs.
(ER.2-12).

Mattson filed his Notice of Appeal on May 15, 2010. (ER.1).

## STATEMENT OF FACTS

On December 14, 2001, Plaintiff-Apellant James Mattson submitted a
FOIA request to FBI Headquarters ("FBIHQ") for copies of all agency
records pertaining to himself, seeking to determine if the FBI has engaged in
unlawful actions directed against him or his co-workers, associates, family
or friends as a result his lawful activities on behalf of the Black Panther
Party in the 1970s and early 1980s. (ER.90-91, 156).

The FBI responded on January 25, 2002 by informing Mattson that it
had located 27 pages of responsive records. The FBI then produced 26
redacted pages and withheld one page in its entirety. (ER.107, ¶9). The
records confirmed Mattson's suspicion by revealing, *inter alia*, that the FBI
had sought to link him and associates to the bombings of several public
buildings without any basis in fact. (ER.91, ¶5).

4

On March 30, 2002, Mattson administratively appealed the FBI's redactions to the Office of Information & Privacy, United States Department of Justice ("DOJ"). (ER.92-93, ¶¶ 11-12; ER.107, ¶10).

On September 16, 2002, the DOJ affirmed the FBI's determination, but also found that the FBI had not searched all appropriate cross-references and remanded to the FBI for further searching.[1] The DOJ further noted that the FBI had not searched any of its field offices for responsive records and suggested to Mattson that he might wish to submit separate FOIA requests to the field offices. (ER.93, ¶13; ER.108 ¶12).

The FBI took no action in response to the DOJ's remand order until December 4, 2008—several months after Mattson filed suit on September 15, 2008—at which time the FBI mailed Mattson's counsel an additional 37 pages responsive to his original, December 14, 2001 FOIA request. (ER.101, ¶34; ER.187-227).

In 2007, Mattson submitted additional FOIA requests seeking similar agency records to several FBI Field Offices, including the FBI's Minneapolis Field Office. (ER.94, 96, 108-109).

---

[1] Although the government's declarant, Mr. Hardy, did not identify the date of the DOJ's response to Mr. Mattson administrative appeal of his 2001 FOIA request to FBIHQ (ER.108, ¶12), it has been verified that the DOJ's response was dated September 16, 2002. (ER.101, ¶33; ER.103-104).

On October 19, 2007, the FBI produced 14 redacted pages responsive to the Minneapolis request, and withheld two other pages on the grounds that they were illegible. (ER.96, ¶6; ER.112, ¶24). Mr. Mattson administratively appealed this determination on December 4, 2007. (ER.96, ¶7; ER.163-165).

On January 18, 2008, the DOJ upheld the FBI's determination as to the Minneapolis request and notified Mattson's counsel that "if your client is dissatisfied with my action on your appeal, he may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)." (ER.168).

On September 15, 2008, Mattson filed his complaint initiating the present action. (ER.236-250).

Several months after filing this court action, by letter dated November 24, 2008, the FBI mailed Mattson's undersigned counsel 14 pages of additional records responsive to his 2007 FOIA request to the Minneapolis Field Office. (ER.115, ¶34; ER.169-186). Shortly thereafter, by letter dated December 4, 2008, the FBI also sent Mattson's undersigned counsel 37 pages of additional records responsive to his 2001 FOIA request to FBIHQ. (ER.115-116, ¶35; ER.187-227).

## SUMMARY OF ARGUMENT

The district court erred by failing to apply the statutory criteria of the 2007 OPEN Government Act amendments to FOIA (5 U.S.C. § 552(a)(4)(E)(ii)) in determining whether plaintiff is eligible to recover attorney fees, based solely on its observation that this Court had not selected a case for publication applying the new statutory criteria. However, the district court's duty to apply the controlling statutory language is self-activating, and its failure to do was a plain abuse of discretion.

Instead, the district court based its decision on superseded case law, which provided significantly different criteria and standards than the current statutory language.

The 2007 statutory amendments to FOIA, which became effective on December 31, 2007 and therefore apply to this action, provide that a party has "substantially prevailed" for purposes of fee eligibility in a FOIA action if there was a "voluntary or unilateral change in position by the agency." 5 USC § 552(a)(4)(E)(ii). However, the district court imposed on plaintiff the outdated burden of proving that his lawsuit directly "caused" the release of the additional responsive records which the agency produced to him several months after he filed suit.

In addition, the district court abused its discretion by relying on purely speculative factual findings, unsupported and indeed contradicted by the record, by suggesting that plaintiff's lawsuit might not have caused the FBI to release additional documents to him as the agency "could have been" planning to do so already. The actual record in fact belies this speculation, and shows instead that the government took no action related to plaintiff's FOIA requests between the time the DOJ respond to plaintiff's administrative appeals and when the FBI produced additional records to him several months after he filed his lawsuit.

Finally, the government has waived the right to contest plaintiff's entitlement to fees, as well as the reasonableness of the hours, rates, lodestar amounts, and costs he submitted, because the government failed to address any of these issues in its opposition to plaintiff's fee motion. As a result, this Court should either award the requested costs and fees, or remand to the district court with instructions that it determine a reasonable award based on the existing record.

/ / /

/ / /

## ARGUMENT

I.  **THE DISTRICT COURT ERRED IN FINDING THAT
    PLAINTIFF WAS NOT ELIGIBLE FOR ATTORNEY FEES
    PURSUANT TO 5 U.S.C. § 552(a)(4)(E), THE FOIA
    STATUTORY FEE RECOVERY PROVISION**

**Standard of Review:** "An award of attorney fees is reviewed for an

abuse of discretion; whether the district court applied the correct legal

standard is reviewed *de novo*." *Oregon Natural Desert Assoc. v. Locke*, 572

F.3d, 610, 613-614 (9th Cir. 2009), citing *Childress v. Darby Lumber, Inc.*,

357 F.3d 1000, 1001 (9th Cir. 2004). "A district court abuses its discretion

when it fails to apply the appropriate legal standard, follows improper

procedures, or relies upon clearly erroneous findings of fact." *Guy v. San

Diego*, 608 F.3d 582, 586 (9th Cir. 2010). "[T]he trial court must be

reversed if it 'ignored or slighted a factor that Congress has deemed

pertinent.'" *Gall v. United States*, 552 U.S. 38, 68 (2007), quoting *United

States v. Taylor*, 487 U.S. 326, 336-337 (1988). A court exercising its

discretion "cannot ignore the judgment of Congress, deliberately expressed

in legislation." *United States v. Oakland Cannabis Buyers' Cooperative*,

532 U.S. 483, 497-498 (2001) (internal quotations and citation omitted).


/ / /

9

### A.  The District Court Applied An Incorrect Legal Standard To The Question Of Fee Eligibility

Although the district court acknowledged in its fee order the controlling language of the 2007 amendments to FOIA's attorney fee recovery provision (ER.6-7),[2] the court incorrectly applied the *pre-amendment* fee recovery criteria in determining that plaintiff is ineligible to recover fees, rather then applying the applicable statutory fee recovery criteria.  (ER.7-12).  The 2007 amendment to FOIA expressly provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either - (I) a judicial order, or an enforceable written agreement or consent decree; **or (II) a voluntary or unilateral change in position by the agency**, if the complainant's claim is not insubstantial.

5 USC § 552(a)(4)(E) (emphasis added).  The amendment was designed to cover circumstances like those in the present case where the government

---

[2] In 2007, the attorney fee provision of FOIA was amended by Section 4 of the Openness Promotes Effectiveness in our National Government Act (otherwise known as the "OPEN Government Act"), which was signed into law in December of 2007, and expressly provides that a complainant shall be deemed to have "substantially prevailed" in a FOIA action, and is thereby eligible for attorney fees and costs against the United States, under circumstances such as the case at hand, wherein Plaintiff ultimately obtained relief through "a voluntary or unilateral change in position by the agency." *See e.g.*, *Oregon Natural Desert Assoc. v.. Locke*, 572 F.3d 610, 615-616 (9th Cir. 2009).

waits until after plaintiff files suit to produce responsive records.

The 2007 FOIA fee eligibility amendments took effect on December 31, 2007. *See e.g.*, *Oregon Natural Desert Assoc. v. Locke*, 572 F.3d 610, 616 (9th Cir. 2009). Therefore, these amendments apply to this action, which was commenced on September 15, 2008. (ER.236).

The new statutory standard—providing that a party substantially prevails, for purposes of fee recovery, if *inter alia* he or she obtains relief through a unilateral or voluntary change in position by the government—has now superseded the earlier federal case law that provided the former criteria for determinations of fee eligibility. *See e.g. Prison Legal News v. Executive Office For United States Attorneys*, 2010 U.S. Dist. LEXIS 91154 (D.Colo. 2010) *2 n. 5, citing *Hart v. U.S. Dep't of Health & Human Servs*., 676 F.Supp.2d 846, 856 (D.Ariz. 2009) (holding that the new statutory criteria supplanted the prior court created criteria, and that the amended FOIA statutory language must now guide the trial court in determining fee eligibility).

In this case, however, the district court relied solely on the outdated standard, finding that it would apply the old law on the basis that this Court had not yet selected a case for publication addressing the new statutory criteria. (ER.7, lines 3-11). This is reversible error. "[A] district court

necessarily abuses its discretion when it bases its decision on an erroneous legal standard..." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (internal quotes and citation omitted).

There are very significant differences between the current statutory language governing FOIA fee eligibility just enacted by Congress and the prior case law relied on by the district court. Prior to the 2007 OPEN Government Act FOIA amendments, a party seeking fee recovery, in the absence of a favorable judicial order, had to demonstrate that: (1) the FOIA action was reasonably necessary to obtain the information, and (2) the action had a substantial causative effect on the agency's release of the documents in question. *See e.g. Church of Scientology of Cal. v. US Postal Service*, 700 F.2d 486, 490 (9th Cir. 1993). In amending the statute, Congress discarded this test, and for good reason: the federal common law construction created a virtually impossible hurdle to overcome because the agency could often defeat a fee petition merely by suggesting that it changed its position and produced records *voluntarily or unilaterally* for any reason other than the litigation, not because the litigation caused it to do so. Proving that the litigation actually "caused" the release of the records was often impossible to demonstrate if the agency did not concede this element and asserted any other plausible basis for its belated production.

12

In the 2007 amendments, Congress lowered the bar by providing that a party could demonstrate relief through **either** "a judicial order" or "a voluntary or unilateral change in position by the agency."  5 USC § 552(a)(4)(E).  The new statutory language does not require the claimant to prove that the lawsuit "caused" the agency's change in position.

As noted above, the district court's only explanation for failing to apply the new statutory language was that this Court "had not selected a case for publication since the 2007 FOIA amendments went into effect that discusses the recovery of attorney fees under the catalyst theory."  (ER.7).  Thus, the district court suggested that it disregarded the express statutory standard simply because it viewed this case as presenting a matter of first impression.  Needless to say, the district does not have to, and should not wait for this Court to review a case before it is required to apply statutory mandates of Congress.  *Gall*, 552 U.S. at 68; *Oakland Cannabis Buyers'*  *Cooperative*, 532 U.S. at 497-498.

The facts demonstrating that there was a voluntary or unilateral change in position—the proper statutory standard—are beyond dispute.  It is undisputed that after plaintiff filed this action, the FBI finally provided him with additional responsive records to his 2001 FOIA request to FBIHQ, almost six years after the DOJ ordered it to do so, in response to plaintiff's

administrative appeal. (ER.103-104, 108, 187-227). Likewise, it is undisputed that the FBI finally provided additional records responsive to plaintiff's 2007 FOIA request to the Minneapolis Field Office over two months after plaintiff filed his lawsuit (ER.115, 169-186). With respect to the Minneapolis request, the DOJ had even informed plaintiff, in response to his administrative appeal, that no further records would be provided and expressly advised him to file a lawsuit if he disagreed. (ER.167-168). Plaintiff thus took the only avenue still available to him by filing suit, and his decision to do so was vindicated by the fact that the FBI then produced 51 additional pages responsive to two of his FOIA requests. (ER.169-227).

Thus, the government's own declarations and evidence establish that there was a "a voluntary or unilateral change in position" by the FBI with respect to its decision to provide Mr. Mattson with responsive records it previously maintained it either did not have or would not produce. As such, Mattson has substantially prevailed and is eligible for fees under 5 USC § 552(a)(4)(E)(ii).

### B. The District Court's Fee Eligibility Determination Is Unsupported By The Factual Record

The district court based its denial of fees on pure speculation about the facts which are unsupported, and indeed contradicted, by the actual record. The court speculated that the FBI's release to plaintiff of an additional 37

14

pages from its Headquarters on December 4, 2008 "could have been" the final result of the DOJ's 2002 remand to the FBI following plaintiff's administrative appeal. (ER.11 at lines 9-12). However, there is no evidence in the record suggesting that the FBI ever took any steps, prior to the filing of this action, to comply with the 2002 remand order directing it to conduct a more thorough cross-referencing search (ER.103-104). (*See* Dec. of FBI Records Section Chief Hardy, ER.107, 115-116, describing the FBI's administrative actions in response to plaintiff's 2001 FOIA request to FBIHQ).

The district court abused its discretion by speculating about what the FBI "could have been" doing from 2002 to December 4, 2008. "A district court abuses its discretion when it . . . relies upon clearly erroneous findings of fact." *Guy*, 608 F.3d at 586. *Accord*, *Sierra Forest Legacy*, 577 F.3d at 1021. In assessing whether there was an abuse of discretion as to factual questions, the Court should determine "whether the district court's findings of fact and its application of those findings of fact to the correct legal standard were 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *Guy*, 608 F.3d at 1021, quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (*en banc*). In this case, the government itself has never suggested, in any of its filings or

15

supporting materials, that it was in any way still working on plaintiff's FOIA request at any time between the 2002 remand order and the September 15, 2008 initiation of the action. Therefore, there was no basis for the district court's speculation.

Moreover, the district court did not even venture an explanation as to how the FBI's belated, 14-page production in response to Mattson's Minneapolis Field Office request on November 24, 2008 (ER.169-186) could constitute anything other than a voluntary or unilateral change in position, in circumstances where the DOJ expressly informed plaintiff that he was not entitled to further documents and would have to file a lawsuit if he were dissatisfied with this determination. (ER.168).

For the foregoing reasons, plaintiff requests that this Court reverse the district court's order that plaintiff is not eligible for fees under the FOIA statutory fee recovery provision of 5 U.S.C. § 552(a)(4)(E).

## II. THE GOVERNMENT WAIVED ANY OPPOSITION TO PLAINTIFF'S ENTITLEMENT OR THE AMOUNT OF HIS REQUESTED FEES AND COSTS BY FAILING TO RESPOND TO PLAINTIFF'S ARGUMENTS BELOW

**Standard of Review:** The Court reviews the amount of attorney fees issued by a district court for abuse of discretion. *Nat'l Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1157 (9th Cir. 2008). However, "any elements of legal analysis and statutory interpretation which figure in the

16

district court's decision are reviewable *de novo*." *Id.*

Plaintiff-Appellant Mattson also submitted with his fees motion detailed declarations and supporting materials addressing his entitlement to fees and costs, and the specific amounts to which he is entitled, in accordance with the citizen suit provision of FOIA and the motion requirements of Fed.R.Civ.Proc. 54(d) and N.D.C.A. Local Rule 54-5. His fee motion and supporting materials included his basis for fee eligibility and entitlement, counsels' lodestar rates, and a thorough breakdown of his counsels' reasonable hours expended for services rendered, along with counsels' voluntary exercise of billing reduction judgment. (ER.13-33, 42-89)).

However, the government elected not to respond to any issues regarding Mattson's entitlement to fees, or his attorneys' itemization of hours, their rates, or the lodestar fees and costs. A review of the government's response reveals that it raised objections only to the issue of Mattson's *eligibility* to recover fees. (ER.34-41). Instead, the government improperly tried to reserve any opposition to entitlement and lodestar fees and costs in a single sentence footnote on the last page of its memorandum, stating: "Should the Court find that Plaintiff somehow is eligible for fees, Defendant would like to reserve the opportunity to oppose his entitlement as

17

unreasonable." (ER.41, n. 1). Consequently, this Court should find that the government has waived any opposition to entitlement and the amount of fees as a matter of law.

Where a responding party fails to provide any specific objections or submit any contrary evidence to assertions made or issue raised in a fee motion, this Court and other jurisdictions have consistently held that opposition is waived. In *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003), this Court held that defendant waived any opportunity to challenge the amount of fees by failing to challenge it prior to the issuance of the fee order, as the government did here. *Id*. at 1219, citing *S. Indus., Inc. v. Centra 2000, Inc.,* 249 F.3d 625, 628 (7th Cir. 2001) (losing party waived ability to challenge amount of attorney fees by failing to make timely specific objections).

The waiver rule applies regardless which party fails to raise timely objections in the lower court proceedings. In *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1466-1467 (10th Cir. 1988), the plaintiffs waived their right to contest the specific amount of attorney fees to be awarded in sanctions to defendant related to proceedings in the trial court. On appeal, the Tenth Circuit held: "The amount of attorney's fees to be awarded was in issue at the time of the arguments on the [] motion for sanction, and Ocelot

18

therefore had the opportunity not only to file a motion in opposition, but also to contest the specific amount orally. Its failure to do so is a waiver of its right to be heard on the issue of the amount of attorney's fees." *Id*. at 1467.

Innumerable other cases establish that failure to oppose an argument when the time is ripe operates as a waiver, generally. *See e.g.*, *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) (plaintiff waived right to challenge defendant's assertion of statute of limitations defense by failing to oppose defendant's argument in response to motion to dismiss); *Homkow v. Musika Records, Inc.*, 2009 WL 1704668 *2 (S.D.N.Y. 2009) (defendants waived the right to contest basis for monetary sanctions by failing to challenge it in their opposition to plaintiff's motion); *Worthy v. General Longshoremen's Workers Intern. Lonshoremans Ass'n, Local No. 3000*, 75 Fed.Appx. 260, 261 (5th Cir. 2003) (by failing to contest part of a court clerk's cost award, plaintiff waived any challenge to that award).

Nor can the government be heard to complain now. The failure of a party to oppose a motion generally waives that party's right to argue the issue on appeal. *Finch v. Hughes Aircraft Co.*, 926 F.2d 1575, 1576-77 (Fed. Cir. 1991) ("[A]bsent exceptional circumstances, a party cannot raise on appeal legal issues not raised and considered in the trial forum."). *See also, Huck on Behalf of Sea Air Shuttle Corp.,* 106 F.3d 45, 51 (3d Cir.

1997) (failure to object to attorneys' fees waives right to challenge fees on appeal). *And see*, *McDonald v. McCarthy,* 966 F.2d 112, 119 (3d Cir. 1992) (defendants who had an opportunity to contest the accuracy and reasonableness of requested attorneys' fees, but failed to do so, waived their right to raise objections on appeal).

In this case, the reasonableness of the amount of fees plaintiff requested is evident from his motion and supporting documentation. (ER.13-33, 42-89). Plaintiff's counsel exercised extensive voluntary billing judgment, electing to "no charge" for 62% of their total time (about 93 of their total 149 hours), including for all of their time spent working on summary judgment, even though the district court granted in small part plaintiff's motion for summary judgment. Counsels' requested rates are on the middle to low end of the spectrum of local market rates.[3] Counsel were exceedingly careful not to bill for any duplicative work. And about $30,375 of their $55,000 total free request is for hiring fee counsel ($4,186) and preparing the fee petition, which is justified by the fact that the government

---

[3] Counsel requested, with extensive supporting declarations and comparisons, $454/hour for Mr. Stotter who has 19.5 years experience; $371/hour for Mr. Rosenfeld who has 10 years experience; and $460/hour for Mr. Bahr, their fee counsel, who has 20 years experience. "[T]here is a strong presumption that the lodestar figure represents a reasonable fee." *Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 621 (9th Cir. 1987).

categorically refused to discuss any settlement of fees. (ER.26, ¶¶ 4-5). The law is well-settled that a party can recover for the time spent preparing a fee motion. *See e.g.*, *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).

Although this Court generally reviews the amount of an attorney fee award for abuse of discretion, the Court can determine the amount of the award directly if it is not contested. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). Such is the case here, because the government has waived the chance to contest the amount.

For the foregoing reasons, plaintiff requests that the Court order he be awarded $55,037.99 in fees and $806.44 in costs, as substantiated by his fee motion and supporting materials, in addition to costs and fees on appeal. Alternatively, plaintiff requests that the Court remand with instructions that the district court determine costs and fees based on the appropriate legal standards and on the record as it exists now.

/ / /

/ / /

## CONCLUSION

For all of the foregoing reasons, Plaintiff-Appellant James Mattson respectfully requests that this Honorable Court reverse the district court's order denying his motion for attorney fees and costs and either award the amounts requested, or remand with instructions that the district court determine a reasonable award based on the existing record, and grant such further relief as the Court deems just and proper.

Respectfully Submitted,

DANIEL J. STOTTER
BEN ROSENFELD

DATED:  October 15, 2010

By: /s/_____
DANIEL J. STOTTER
Attorneys for Plaintiff-Appellant
James Arthur Mattson

## STATEMENT OF RELATED CASES

Plaintiff's counsel are unaware of any related cases or appeals.

Respectfully Submitted,

DANIEL J. STOTTER
BEN ROSENFELD

DATED:  October 15, 2010

By: /s/ _____
DANIEL J. STOTTER
Attorneys for Plaintiff-Appellant
James Arthur Mattson

## CERTIFICATE OF COMPLIANCE

I certify under F.R.A.P. 32(a)(7)(C) that this Brief complies with the type-volume limitations of FRAP 32, that its margins are one inch on all sides, that it contains double-spaced, proportionate, 14-pt type, and that it contains 4,535 words, according to the Microsoft Word's word count utility.

Executed on October 15, 2010 at San Francisco, CA.

By: /s/ _____
BEN ROSENFELD
Attorneys for Plaintiff-Appellant
James Arthur Mattson

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

I certify that on October 15, 2010, I electronically filed APPELLANT'S OPENING BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that I mailed a printed copy of the Excerpts of Record to Defendant FBI's attorney of record, Ila C. Deiss, first-class U.S. postage prepaid, addressed to Ms. Deiss at the United States Attorney's Office, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102.

Executed on October 15, 2010 at San Francisco, CA.

/s/ _____
BEN ROSENFELD
Attorney for Plaintiff-Appellant
James Arthur Mattson