UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Appeal No. 10-16112

JAMES ARTHUR MATTSON,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant-Appellee.

**APPELLANT'S REPLY BRIEF**
**(CORRECTED)**

On Appeal from the United States District Court
for the Northern District of California,
Hon. Vaughn R. Walker
Case No. C-08-04431-VRW

DANIEL J. STOTTER                          BEN ROSENFELD
(Oregon State Bar #911090)        (Cal. State Bar #203845)
Stotter & Associates LLC              Attorney at Law
408 SW Monroe Ave, Ste L 163    115 ½ Bartlett Street
Corvalis, OR 97333                       San Francisco, CA 94110
Tel. (541) 738-2601                       Tel: (415) 285-8091
Fax (541) 738 0611                        Fax: (415) 285-8092

Attorneys for Plaintiff-Appellant James Arthur Mattson

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ................................................................................... 1

ARGUMENT .......................................................................................... 6

I.    THE DISTRICT COURT FAILED TO APPLY THE
CORRECT LEGAL STANDARD TO APPELLANT'S FEE
REQUEST ....................................................................................... 6

II.   THE DISTRICT COURT IGNORED UNDISPUTED
EVIDENCE THAT APPELLANT SUBSTANTIALLY
PREVAILED THROUGH A VOLUNTARY OR
UNILATERAL CHANGE IN THE FBI'S POSITION .................... 10

III.  THE FBI HAS WAIVED OBJECTION TO APPELLANT'S
FEE ENTITLEMENT AND TO THE REASONABLENESS
OF THE LODESTAR AMOUNTS HE REQUESTED .................... 14

CONCLUSION ...................................................................................... 17

CERTIFICATE OF COMPLIANCE ........................................................ 18

CERTIFICATE OF SERVICE ................................................................. 19

i

# TABLE OF AUTHORITIES

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975).................................................................... 9

*Buchhannon Home v. West Virginia Dept of Health & Human Resources*, 592 U.S. 598 (2001) .................................... 9

*Church of Scientology of California v. U.S. Postal Service*, 700 F.2d 486(9th Cir. 1993) ............................................ 2, 7

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) ......................................................... 17

*Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003)................................................... 6

*Ginter v. I.R.S.*, 648 F.2d 469, (9th Cir. 1981) ............................ 11

*Guy v. San Diego*, 608 F.3d 582 (9th Cir. 2010) .......................... 12

*Long v. IRS*, 932 F.2d 1309 (9th Cir. 1991) ................................ 14

*Oregon Natural Desert Assoc. v. Locke*, 572 F.3d 610 (9th Cir. 2009) ............................................................. 1

*United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (*en banc*) ............................................................ 12

*United States v. One 1997 Toyota Land Cruiser*, 248 F.3d 899 (9th Cir. 2001)..................................................... 9

**Statutes**

5 U.S.C. § 552(a)(4)(E)(ii)(I).......................................................... 2

5 U.S.C. § 552(a)(4)(E)(ii)(II) ........................................... 1, 2, 7, 8

# INTRODUCTION

This appeal presents an issue of first impression concerning the appropriate standard for attorney fee eligibility under the 2007 amendments to the Freedom of Information Act ("FOIA") attorney fee provision created by the Openness Promotes Effectiveness in our National Government Act ("OPEN Government Act"). *See* 5 U.S.C. § 552(a)(4)(E)(ii)(II).

Plaintiff-Appellant Mattson's position, as set forth in his Opening Brief, is that the 2007 FOIA amendments provide new controlling statutory criteria for determining FOIA fee eligibility that supplant the prior, common law fee eligibility cases relied on by both the district court and Appellee FBI. ER. 7-8 (Order); Defendant's Response Brief at 8-11.

In its Order, the district court acknowledged the new statutory fee eligibility language of the 2007 OPEN Government Act. ER. 6. However, on the basis that there are no published decisions by this Court applying the new statutory language, the district court relied on the superseded fee eligibility rulings of prior court decisions. (ER. 7).[1]

---

[1] This Court held, in *Oregon Natural Desert Assoc. v. Locke*, 572 F.3d 610 (9th Cir. 2009), that the 2007 amendments to the Freedom of Information Act's fee recovery language at issue in this appeal, 5 U.S.C. § 552(a)(4)(E)(ii)(II), did not apply retroactively, so the Court did not have occasion in that case to consider the proper application of the amended statutory fee recovery language. *Id.* at 614-618.

There is a significant difference between the current FOIA statutory fee recovery criteria and the prior common law criteria employed by the district court and relied upon by the FBI. Under the new statutory definition, a "substantially prevailing party" is one who obtains relief **either** by: "a judicial order, or an enforceable written agreement or consent decree," **or** "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I), (II).

Both the district court and the FBI improperly rely upon the prior common law test for "catalyst theory" fee recovery in FOIA actions, under which fees were awarded if a party demonstrated that (1) the FOIA actions was reasonably necessary to obtain the materials sought, and (2) the action had a substantial causative effect on the agency's release of the materials. *See e.g., Church of Scientology of California v. U.S. Postal Service*, 700 F.2d 486, 490 (9th Cir. 1993). ER. 7-8 (Order); Response Brief at 9.

However, Congress elected not to use this language in drafting the 2007 FOIA amendments. The district court therefore erred by employing the old, common law test instead of the current statutory criteria. Notably, the new FOIA fee eligibility criteria no longer require a plaintiff to prove the subjective "catalyst" element that the litigation demonstrably "caused" the subsequent release of documents, but instead only require a plaintiff to show

that the agency made a "voluntary or unilateral change in position" by releasing records subsequent to the initiation of the suit, so long as the claim was not "insubstantial."[2]  5 U.S.C. § 552(a)(4)(E)(ii)(II).  The district court plainly erred when it failed to apply this current fee eligibility test to Appellant Mattson's fee claim.

The district court further abused its discretion by ruling that the FBI's release of additional responsive records, more then six years after Appellant Mattson administratively appealed one of the FBI's determinations to the Department of Justice ("DOJ"), and the DOJ remanded to the FBI for further action—and several months after Mattson filed the present lawsuit— "could have been the final result of this remand rather than a change in position in response to Mattson's September 2008 lawsuit."  ER. 11 (emphasis added). Contrary to the FBI's argument, it was pure speculation for the district court to base its ruling on what "could have been," in the absence of any supporting evidence.  Given multiple opportunities, the FBI has furnished no

---

[2] Under the common law "catalyst theory" test, an agency arguably could defeat a fee recovery claim by asserting, for example, that its belated records release was caused by a unilateral or voluntary change in its FOIA policy, or a change in its FOIA compliance staff, rather than by the litigation.  Under the new criteria, however, if an agency releases records through any "voluntary or unilateral change in position" (whether or not provably "caused by" the lawsuit), the complainant has "substantially prevailed' for purposes of fee recovery.  5 U.S.C. § 552(a)(4)(E)(ii)(II).

evidence to support the conjecture that it "could have been" in the process of responding to Mattson's administrative appeal, six years hence when he filed his lawsuit, and then just happened to release additional responsive records several months after that.

Mattson seeks attorney's fees related to two independent claims on which he prevailed: (1) a December 4, 2001 FOIA request to FBIHQ. ER. 243-244 (Complaint); ER. 155-156 (2001 FOIA request); and (2) a March 29, 2007 FOIA request to the FBI's Minneapolis Field Office. ER. 244-245 (Complaint); ER 160-162 (2007 FOIA request).

As to Mattson's 2001 FOIA request to FBI Headquarters, the FBI has introduced no evidence that it took any action for a period of more than six years between the time of the DOJ's 2002 remand on administrative appeal to the FBI (ER 103-104) and the FBI's production of 37 additional responsive pages to Mattson on December 4, 2008 (ER 187-227), two and a half months after he filed suit on September 15, 2008. ER. 236.

As to Mattson's 2007 FOIA request to the Minneapolis Field Office, the FBI produced 12 of 14 responsive pages on October 19, 2007. ER.161-162. Thereafter, Mattson administratively appealed, claiming that he had not received all responsive records. ER. 164. On January 25, 2008, the DOJ affirmed the FBI's action and expressly told Mattson, through counsel, "if

your client is dissatisfied with my action on your appeal, he may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)." ER.168. Only after Mattson filed the present lawsuit on September 15, 2008 (ER. 236) did the FBI change its position and provide 14 pages of additional responsive records on November 24, 2008. ER 169-186.

In its Response Brief, the FBI simply ignores the fact that it expressly told Mattson to file a lawsuit if he were dissatisfied with the FBI's and the DOJ's determinations. Instead, the FBI adopts the unfair and unsupportable position that Mattson is not entitled to fees despite his taking the only avenue which the Government itself told him was available to him in order to obtain further relief.

Finally, Appellee FBI has waived the opportunity to object to Mattson's entitlement to attorney's fees and costs, or the amounts in question, by failing to timely (or ever) address those issues in response to Mattson's fee motion below. The FBI clearly misses the point by arguing that "once the district court found that Plaintiff-Appellant was not eligible for attorney fees, it did not need look into entitlement." Response Brief, at 12. If, as Mattson argues, the district court erred and he *is* eligible to recover fees, the district court would have had to proceed to the next steps of determining his entitlement and the reasonableness of the amounts

requested.  The FBI simply ignores Mattson's extensive discussion and

citation to authority establishing that by failing to respond to his fee motion

in full, it has waived, as a matter of law, any opportunity to contest the

amount of fees and costs Mattson is entitled to recover, in the event this

Court reverses the district court's ruling on eligibility.  *See, e.g., Earthquake

Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003).

**ARGUMENT**

**I.     THE DISTRICT COURT FAILED TO APPLY THE CORRECT
        LEGAL STANDARD TO APPELLANT'S FEE REQUEST**

Contrary to Defendant FBI's assertions, the district court clearly did

not apply the current 2007 FOIA amendment language in considering

Mattson's eligibility to recover fees.  While it is true that the district court

*mentioned* the 2007 FOIA amendment language (E.R. 6), the district court

instead elected to apply the prior common law cases involving "catalyst

theory" fee recovery, rather than apply the current statutory language

provided by the 2007 OPEN Government Act.  ER. 7.  The court said its

reason for doing so was that the "Ninth Circuit has not selected a case for

publication since the 2007 FOIA amendments went into effect that discusses

the recovery of attorney fees under the catalyst theory."  ER 7.

The district court's approach constitutes reversible error, because the

amended (current) statutory language of FOIA clearly does not mirror the

6

common law test for FOIA fee eligibility under the "catalyst theory." Under the current statutory language, a claimant is a "substantially prevailing party" for purposes of FOIA fee eligibility if he or she obtains relief through a "voluntary or unilateral change in position by the agency" if his claim was not "insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). Therefore, under the current statutory language, it is no longer necessary to prove that the FOIA lawsuit was the "catalyst" for the agency's release of additional responsive records, as the common had required,[3] and any facts demonstrating a "voluntary or unilateral change in position by the agency" are now relevant to establish a basis for fee recovery.

In amending FOIA, Congress clearly declined to adopt the common law "catalyst" based standard for fee eligibility, opting instead for a more objective test, i.e. whether the history of the case reveals a "voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii)(II). In doing so, Congress removed the nearly insurmountable *mens rea* requirement in the prior common law approach, under which a FOIA fee claimant had to prove that an agency's belated records release was "caused by the lawsuit," in order to defeat the agency's argument that it had just

---

[3] *See e.g. Church of Scientology of California. v. U.S. Postal Service*, 700 F.2d 486, 490 (9th Cir. 1993) (applying prior common law "catalyst test" in FOIA fee eligibility case).

7

made a "voluntary or unilateral change in position."[4]  Both the district court

and the FBI ignore the plain statutory language of FOIA's current fee

provision.  Indeed, in its Response Brief, the FBI illogically discusses the

concept of a voluntary or unilateral change in position by suggesting that it

has to be "caused" by the litigation.  Response Brief at 11.  But by

definition, actions which are voluntary and unilateral do not require outside

causes, and there is certainly no causation element in the current statutory

language.

   This Court has previously rejected fee recovery analyses which are

inconsistent with the express statutory language authorizing fees.  *See e.g.,*

*United States v. One 1997 Toyota Land Cruiser*, 248 F.3d 899, 903 (9th Cir.

---

[4] Absent an express admission by a government agency, it is nearly
impossible for a plaintiff in a FOIA action to **"prove"** that an agency's
subsequent release of additional responsive records was actually "caused by
the litigation," as demonstrated by the case at hand, in which the FBI still
argues that Mattson did not conclusively prove his litigation caused the
belated release of additional records, even under circumstances where the
Government had previously told Mattson he needed to file a lawsuit to
obtain any additional relief (ER 168), and had taken no action on his other
FOIA request for a period of more then six years after an administrative
remand.  ER 107-108, 115-116.  As this case demonstrates, under the prior
common law catalyst test, the agency could always claim that there "could
be" some other reason for its belated release of additional responsive
records.  Congress eliminated this excuse by amending FOIA in the 2007
OPEN Government Act to put the focus on the agency's "change in
position" rather than on proof that the lawsuit was the "catalyst" or cause of
the additional records release.  *See* 5 U.S.C. § 552(a)(4)(E)(ii)(II).

2001).  And the Supreme Court has repeatedly cautioned that Congress has not " 'extended any roving authority to the Judiciary' to address attorney fee eligibility."  *Buchhannon Home v. West Virginia Dept of Health & Human Resources*, 592 U.S. 598, 610 (2001), quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 260 (1975).  As the Supreme Court observed in *Alyeska*, "it is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine."  *Alyeska Pipeline Serv. Co.*, 421 U.S. at 262.

Neither the district court, nor Appellee FBI,  has provided any basis for ignoring the plain statutory language of the 2007 OPEN Government Act amendments to FOIA, and for relying instead on the language of superseded common law.  While it may be true that the district court was confronted with an issue of first impression in the absence of any applicable published decision by this Court, the district court was nonetheless bound to apply the plain statutory language and the will of Congress.  There is simply no authority for the notion that a district court must await the Court of Appeals' interpretation or guidance before applying Congressional amendments to statutes.

For the foregoing reasons, the district court's failure to apply the current statutory language of FOIA's attorney fee provision, as amended by the 2007 OPEN Government Act, to Appellant's fee request, was plain error.

## II. THE DISTRICT COURT IGNORED UNDISPUTED EVIDENCE THAT APPELLANT SUBSTANTIALLY PREVAILED THROUGH A VOLUNTARY OR UNILATERAL CHANGE IN THE FBI'S POSITION

Appellee FBI's Response Brief suggests that there was no evidence in the record to establish a unilateral or voluntary change in position, or to otherwise demonstrate that Appellant Mattson's FOIA lawsuit caused the release of additional responsive documents.  Response Brief at 9-11. However, the undisputed record evidence is that the FBI plainly changed its position by releasing 51 pages of documents responsive to two of Mattson's claims after he filed suit.  Conversely, there is no evidence whatsoever that the FBI was already "in the process" of releasing these documents at the time the action was filed.

As to Mattson's 2001 FOIA request to FBI Headquarters, it is undisputed that on December 4, 2008, nearly six years after the agency last took any administrative action, and approximately two months after Mattson filed suit, the FBI made "a voluntary or unilateral change in position" by finally providing Mattson (via his undersigned attorney) with an additional 37 pages of responsive records.  Compare ER 103-104 (DOJ's September

10

15, 2002 decision on administrative appeal) and ER 187 (FBI's December 4, 2008 cover letter to additional document production).

Given the opportunity to do so, the FBI has simply presented <u>no</u> evidence to show that it was in any way working on Mattson's request at any time within the six years before he filed suit, or that it had any other good faith basis for the more than six year delay. Therefore, this case is not even remotely like *Ginter v. I.R.S.*, 648 F.2d 469, 471 (8th Cir. 1981), on which the Government relies (Response Brief at 10-11), in which the Eighth Circuit found evidence of "unavoidable administrative delay accompanied by due diligence in the administrative process." *Id*. at 471. The FBI has adduced no evidence of unavoidable administrative delay, of due diligence, or of any action at all during the more than six year period in question.

The FBI argues that "the district court carefully reviewed the record and found that "an alternative explanation for FBI's December 4, 2008 response appears in the record." Response Brief at 10, citing ER 10-11 (Order). But the only "explanation" provided by the district court was its pure speculation that "The FBI's release of the additional thirty-seven pages from its headquarters on December 4, 2008 <u>could have been</u> the final result of this remand rather than a change in position in response to Mattson's September 2008 lawsuit." ER. 11 (emphasis added). The fact remains that

the FBI has not adduced a scintilla of evidence supporting the speculation that it was in the process of responding to this request, at any time within the six year period following the DOJ's 2002 remand order until the filing of this action in September 2008.

The district court plainly abused its discretion by relying on pure speculation concerning what the FBI "could have been" doing in the six year period between September 16, 2002, the date of the DOJ's remand order (ER. 103) and December 4, 2008, when the FBI mailed 37 pages of additional records in response to Mattson's 2001 FOIA request to FBI Headquarters.  ER. 187 (FBI transmittal letter).  As this Court has recently observed: "A district court abuses its discretion when it ... relies upon clearly erroneous findings of fact."  *Guy v. San Diego*, 608 F.3d 582, 586 (9th Cir. 2010).  In reviewing whether there was an abuse of discretion as to factual questions, the Court should determine "whether the district court's findings of fact and its application of those findings of fact to the correct legal standard were 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'"  *Guy*, 608 F.3d at 1021, quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (*en banc*).

Finally and tellingly, both the FBI and the district court completely ignore Mattson's fee eligibility claim with respect to his 2007 FOIA request

to the FBI's Minneapolis Field Office.[5]  It is undisputed that on January 25,

2008, in response to Mattson's administrative appeal in which he claimed

that he was entitled to further records (ER. 164), the DOJ affirmed the FBI

and expressly told Mattson, through counsel, "if your client is dissatisfied

with my action on your appeal, he may file a lawsuit in accordance with

5 U.S.C. § 552(a)(4)(B)."  ER. 167-168.  The FBI simply neglects to

contend with the fact that Mattson next took the only avenue available to

him in order to obtain relief, i.e. filing a lawsuit as he was directed to do.

The FBI's belated production of 14 additional responsive pages, nearly eight

months after the DOJ erroneously affirmed the FBI's incomplete production

and directed Mattson to file suit if he were dissatisfied, and more than a

month after Mattson did so, clearly constitutes a change in agency position.

     For the foregoing reasons, the FBI's belated production of 51

additional pages in response to Appellant's 2001 FOIA request to FBI

Headquarters, and his 2007 FOIA request to the Minneapolis field office

_____

     [5] Although the Department of Justice's 2002 remand order for
Plaintiff's 2001 FOIA request suggested that Mattson could file separate
FOIA requests to any of the FBI's field offices (ER 104) Mattson's 2001
FOIA request to FBI Headquarters (ER 158), and his subsequent 2007 FOIA
request to the FBI's Minneapolis Field office (ER 157), are plainly
independent and free-standing FOIA requests which were processed
separately by the FBI, giving rise to separate claims for relief.  ER. 243-244
(Complaint).

constitute a "voluntary or unilateral change in position by the agency" establishing Appellant's eligibility for fees under 5 U.S.C. § 552(a)(4)(E)(ii)(II).

### III.  THE FBI HAS WAIVED OBJECTION TO APPELLANT'S FEE ENTITLEMENT AND TO THE REASONABLENESS OF THE LODESTAR AMOUNTS HE REQUESTED

In its Response Brief, Appellee FBI neglects to address the issue squarely presented by Appellant—whether the FBI waived objection to Appellant's fee entitlement and the reasonableness of the amounts requested by failing to respond to these sections of his fee motion—and instead addresses itself to the irrelevant question whether the district court was required to reach these issues.  It goes without saying that having ruled that Appellant was not eligible to recover fees, the district court was not required to reach the issues of entitlement and amount.  The question at hand concerns the consequences if the district court erred.  The answer is that the FBI has waived objection to the entitlement and lodestar issues.

In FOIA actions, after demonstrating eligibility for fee recovery, a claimant must also address and satisfy FOIA fee entitlement issues (*see e.g. Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991)), in addition to addressing the lodestar issues regarding the reasonableness of fee rates and hours submitted in the fee petition.  Appellant Mattson extensively addressed his

basis for fee entitlement in the proceedings below (ER 52-57), in addition to extensively addressing the basis for his lodestar fee claim.  (ER 57-63).

In its opposition to Mattson's fee motion in the proceedings below, the FBI responded only to the question whether plaintiff was *eligible* for fees and costs, trying to reserve the right to challenge *entitlement* and *amount* at a later stage—simply by dropping a single sentence footnote on the last page of its memorandum, stating: "Should the Court find that Plaintiff somehow is eligible for fees, Defendant would like to reserve the opportunity to oppose his entitlement as unreasonable."  ER.41 at n. 1.  Such a "reservation" is completely unavailing.  The FBI points to no court order, stipulation, or authority allowing it to sidestep an entire set of fully presented issues until some indeterminate future time, simply by awarding itself permission to do so in a footnote.

Now, on appeal, the FBI has once again dodged the issue presented. Rather than address the issue presented by Mattson ("[w]hether the government has waived the right to contest plaintiff's entitlement to fees, as well as the reasonableness [of the amount]" – Opening Brief at 2), the FBI has set up a classic straw man argument by rewriting the question as "whether the district court properly declined to address" the issue of entitlement.  Response Brief at 2.  Needless to say, the district court was not

required to reach the issue of entitlement after having decided that Mattson was ineligible to recover fees. But that is an entirely separate question from whether the <u>FBI</u> was required to *respond* to all of the issues raised in Mattson's fee motion if it did not want to waive. Based on fundamental principles of waiver, and extensive authority, the FBI should be deemed to have waived opposition to the amount of Mattson's requested fees and costs in the event this Court now reverses the district court's ruling on eligibility.

In its Response Brief, the FBI simply ignores Appellant's numerous authorities establishing that a party who fails to respond to issues raised in a timely-filed motion, including issues of entitlement and amount in a fee motion, waives the right to do so. See Opening Brief, at 18-20. As such, Defendant has further waived any right to contest this issue on appeal.

The FBI's presumption that it may defer response on a schedule purely of its own choosing is akin to its behavior occasioning this lawsuit and appeal—namely, its decision to withhold, then release on its own time, years later, after Mattson filed suit, documents responsive to his FOIA request, thereby putting him and his lawyers to the work and expense of securing compliance, while still maintaining it should incur no penalty for doing so.

In order to give meaningful effect to the numerous authorities construing a wavier in these circumstances, this Court should hold that the

FBI has waived any opportunity to contest Appellant's entitlement to the specific lodestar fees and costs requested in his motion. This would not unfairly prejudice the FBI, because the result would be entirely of the FBI's making. Nor would it foreclose this Court, or the district court on remand, from evaluating the reasonableness of Appellant's fee request on their own. Rather, it would simply preclude the FBI from circumventing the waiver rule and belatedly raising objections now that it has repeatedly waived the right to timely address these issues.[6]

## CONCLUSION

For all of the foregoing reasons, Plaintiff-Appellant James Mattson respectfully requests that this Honorable Court reverse the district court's order denying his motion for attorney fees and costs and either award the amounts requested, or remand with instructions that the district court

/ / /

/ / /

---

[6] As plaintiff argued in his Opening Brief, in the event this Court agrees that plaintiff is eligible for fees and costs, the Court may, in circumstances like these where defendant did not contest the reasonableness of the amounts, also determine the amounts. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("Because [defendant] does not contest the amount of fees, the district court's award of fees under the Lanham Act is affirmed.")

determine a reasonable award based on the existing record, and grant such

further relief as the Court deems just and proper.

Respectfully Submitted,

DANIEL J. STOTTER
BEN ROSENFELD

DATED: December 16, 2010
(Corrected and resubmitted on
December 20, 2010)

By: /s/_____
        DANIEL J. STOTTER
        Attorneys for Plaintiff-Appellant
        James Arthur Mattson

## CERTIFICATE OF COMPLIANCE

I certify under F.R.A.P. 32(a)(7)(C) that this Brief complies with the

type-volume limitations of FRAP 32, that its margins are one inch on all

sides, that it contains double-spaced, proportionate, 14-pt type, and that it

contains 4,044 words, according to the Microsoft Word's word count utility.

Executed on December 20, 2010 at San Francisco, CA.

By: /s/_____
        BEN ROSENFELD
        Attorneys for Plaintiff-Appellant
        James Arthur Mattson

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the
### Appellate CM/ECF System

I certify that on December 20, 2010, I electronically filed the within

corrected version of APPELLANT'S REPLY BRIEF with the Clerk of the

Court for the United States Court of Appeals for the Ninth Circuit by using

the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users

and that service will be accomplished by the appellate CM/ECF system.

Executed on December 20, 2010 at San Francisco, CA.

/s/ _____
BEN ROSENFELD
Attorney for Plaintiff-Appellant
James Arthur Mattson